IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 9, 2022

**TIMOTHY L. JEFFERSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2022-CV-4958  Michael Wayne Collins, Judge**

_____

**No. M2022-00456-CCA-R3-HC**
_____


The Petitioner, Timothy L. Jefferson, appeals the Trousdale County Circuit Court's dismissal of his pro se petition seeking habeas corpus relief from his conviction for second degree murder, for which he received an effective sentence of forty years in prison. On appeal, the Petitioner argues he is entitled to habeas corpus relief because he was illegally restrained as a result of a procedurally defective juvenile petition. After review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TOM GREENHOLTZ, JJ., joined.

Timothy L. Jefferson, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; and Jason L. Lawson, District Attorney General for the Appellee, State of Tennessee.

**OPINION**

This case concerns the December 25, 1999 shooting and killing of the victim, Mohammed Rafat at a gas station in Nashville. Thereafter, on January 11, 2000, a delinquency petition was filed against the sixteen-year-old Petitioner in the Davidson County Juvenile Court, alleging that he committed first-degree felony murder, especially aggravated robbery, and illegal possession of a handgun. After an August 24, 2000 transfer hearing, the Davidson County Juvenile Court issued a written order transferring the Petitioner's case to the Davidson County Criminal Court. The Petitioner subsequently pled guilty to second degree murder in 2001, with an agreed-upon sentence of forty years to be

served at one hundred percent. See Timothy L. Jefferson v. State, No. M2002-02393-CCA-R3-PC, 2004 WL 300121, at *1 (Tenn. Crim. App. Feb. 17, 2004). This court previously summarized the procedural history of this case up to 2019 as follows:

> In 2002, the Petitioner filed a post-conviction petition alleging that he received the ineffective assistance of defense counsel and that his guilty plea was involuntary and unknowing. Jefferson, 2004 WL 300121, at *1. The post-conviction court denied relief, and this court affirmed. See Id. at *2-4.

> In August of 2010, the Petitioner filed a pro se petition for a writ of habeas corpus raising the same issues as the post-conviction petition, which the habeas corpus court denied. See Timothy L. Jefferson v. State, No. M2014-00756-CCA-R3-ECN, 2015 WL 2128606, at *3 (Tenn. Crim. App. May 6, 2015) (recounting the procedural history of the Petitioner's case). The Petitioner did not appeal.

> In August of 2011 and January of 2014, the Petitioner filed two untimely petitions for writs of error coram nobis. The first petition was summarily dismissed as time-barred and because it failed to state a cognizable claim for relief; this court affirmed. Jefferson, 2015 WL 2128606, at *3. The second petition was summarily dismissed because it was time-barred, raised issues that had been litigated in the pretrial motion to suppress and postconviction hearings, and did not state a cognizable claim for relief; this court affirmed. Id. at *7-9.

> In April of 2015, the Petitioner filed a petition for writ of certiorari and supersedeas, alleging that his due process rights were violated by the juvenile court when it considered his out-of-court statements in determining whether to transfer him to criminal court. See State v. Timothy L. Jefferson, No. M2015-01321-CCA-R3-CD, 2016 WL 1161066, at *1 (Tenn. Crim. App. Mar. 23, 2016). The trial court summarily dismissed the petition for failure to make a partial payment of the filing fee; this court concluded that although the basis for the dismissal was improper, certiorari was unavailable because the Petitioner did not utilize the available "express avenue" to appeal his transfer to criminal court. Id. at *2-5.

> On July 12, 2019, the Petitioner filed a pro se petition for writ of habeas corpus, alleging that the criminal court never gained subject matter jurisdiction over his case because the transfer order from the juvenile court was not file-stamped by the criminal court clerk's office in compliance with Tennessee Rule of Criminal Procedure 32(e). A copy of the juvenile court's

August 24, 2000 transfer order was attached, as well as a copy of this court's opinion relevant to the Petitioner's petition for writ of certiorari and supersedeas. On August 23, 2019, the Petitioner filed a pro se "Motion for Supplemental Pleadings," which repeated the allegations in the original petition and included a copy of the juvenile court delinquency petition.

Timothy L. Jefferson v. Russell Washburn, Warden, No. M2019-01723-CCA-R3-HC, 2020 WL 5960110, at *1-2 (Tenn. Crim App. Oct. 8, 2020), no perm. app. filed. On August 30, 2019, the habeas corpus court summarily dismissed the petition for failure to provide an adequate record, noting that "the only relevant document with regard to whether . . . the conviction in this case is void is an Order of Transfer[.]" Id. at *2. The Petitioner filed a timely appeal, and this Court affirmed the summary dismissal of the petition on two grounds. Id. at *1-2. In its opinion, this Court first held that the habeas court acted within its discretion in dismissing the petition based on the Petitioner's failure to attach a copy of his judgment form to the petition. Id. at *3. This Court further held that the lack of a file-stamp date on the transfer order was a matter of due process "properly addressed in post-conviction petitions, not habeas corpus petitions, because a due process violation results in a voidable, not void, conviction." Id. at *4.

On February 28, 2022, the Petitioner filed the instant petition, his third petition for writ of habeas corpus, asserting that he was illegally restrained as a result of a juvenile petition that was "not properly administered under oath in accordance with mandatory provisions of law." On March 4, 2022, the habeas court denied the petition without a hearing based on the Petitioner's failure "to comply with the rules regarding filing of writ of habeas corpus." Thereafter, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner asserts that he is entitled to habeas corpus relief because his right to due process was violated. He argues that the criminal court's judgment is "void" because the juvenile petition was "not properly administered under oath in accordance with mandatory provisions of law." He further asserts that the habeas corpus court failed to advise him of his right to counsel and to appoint counsel if he were indigent. The State responds that summary dismissal was proper because the Petitioner has failed to assert cognizable habeas corpus claims and has failed to comply with the procedural requirements of Tennessee Code Annotated section 29-21-107(b). We agree with the State and conclude that the Petitioner is not entitled to relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, our review is de novo with no presumption of

correctness given to the findings and conclusions of the lower court. Id. (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. Art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which habeas corpus relief will be granted, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). It is well-established that "'a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction.'" Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008) (quoting State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963)). In Tennessee, habeas corpus relief is only available "when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)).

A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255-56 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). It is the petitioner's burden to demonstrate by a preponderance of the evidence that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). The habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if it is clear from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief. Summers, 212 S.W.3d at 261-62; Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The procedural requirements for habeas corpus relief are mandatory and must be strictly followed. Summers, 212 S.W.3d at 259; Hickman, 153 S.W.3d at 21. Tennessee Code Annotated section 29-21-107(b)(2) requires that the Petitioner include a copy of the "[t]he cause or pretense of such restraint according to the best information of the applicant," which includes the judgment form. See Jefferson, 2020 WL 5960110, at *4 (citing

- 4 -

Summers, 212 S.W.3d at 261). Tennessee Code Annotated section 29-21-107(b)(4) further requires that a petitioner include copies of all previously filed petitions for writ of habeas corpus. "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

As a preliminary matter, the Petitioner has failed to satisfy the mandatory procedural requirements of Tennessee Code Annotated sections 29-21-107(b)(2) and (b)(4). The Petitioner is currently restrained as a result of a judgment against him for second degree murder. The judgment was not included with the petition. In the Petitioner's previous appeal of his petition for habeas relief, this Court held that a copy of the judgment is a "necessary part of the habeas corpus record," without which it is impossible "to determine whether he is entitled to a writ of habeas corpus." Timothy L. Jefferson, 2020 WL 5960110, at *3 (citing Summers, 212 S.W.3d at 261). Additionally, the Petitioner has failed to attach copies of his two previous petitions for habeas corpus relief and has failed to provide a satisfactory reason for his failure to do so. We agree with the State that the habeas corpus court acted within its discretion by dismissing the petition due to these procedural failings alone. See Tenn. Code Ann. § 29-21-107(b)(2), (b)(4); Summers, 212 S.W.3d at 260-61; Lowe v. State, No. E2022-00285-CCA-R3-HC, 2022 WL 13899444, at *4 (Tenn. Crim. App. Oct. 24, 2022) ("Because the Petitioner failed to attach copies of all previous petitions, the habeas corpus court could have dismissed his petition on this ground alone.").

Notwithstanding the procedural deficiencies, the Petitioner has failed to state a cognizable claim for habeas corpus relief. The Petitioner asserts that his right to due process was violated because the juvenile petition was "not properly administered under oath" before being issued by the clerk, rendering his criminal judgment void. In a previous habeas corpus petition brought by the Petitioner, this Court held that "constitutional due process issues are properly addressed in post-conviction petitions, not habeas corpus petitions, because a due process violation results in a voidable, not void, conviction." Timothy L. Jefferson, 2020 WL 5960110, at *4 (citing Eddie F. Depriest v. Kevin Meyers, Warden, No. M2000-02312-CCA-R3-PC, 2001 WL 758739, at *2 (Tenn. Crim. App. July 6, 2001)); see Tommy Taylor v. Johnny Fitz, Warden, No. W2020-01294-CCA-R3-HC, 2021 WL 4077031, at *1-2 (Tenn. Crim. App. Sept. 8, 2021), perm. app. denied (Tenn. Dec. 8, 2021) (holding that the petitioner's contention that he was arrested on a defective affidavit of complain and warrant that were not signed by a magistrate or a neutral and detached court clerk in violation of Tennessee Rules of Criminal Procedure 3 and 4 and his due process rights rendered the judgment voidable, rather than void). The Petitioner's allegations, even if true, would at most render his judgment voidable, not void; accordingly, we conclude that the Petitioner is not entitled to habeas corpus relief.

Finally, the Petitioner asserts that the habeas corpus court had a duty under Tennessee Supreme Court Rule 13(d)(1)(C) to advise him of his right to counsel and to appoint counsel if the Petitioner were indigent. However, a habeas court may dismiss a pro se petition, without the appointment of counsel or an evidentiary hearing, where it is clear from the petitioner's filings that no cognizable claim for relief has been stated and that the petitioner is not entitled to relief. Summers, 212 S.W.3d at 261-62; Hickman, 153 S.W.3d at 16. We reiterate that all of the Petitioner's claims, even if true, do not state a cognizable claim for habeas corpus relief. Accordingly, the habeas corpus court was not required to advise the Petitioner of his right to counsel or to appoint him counsel before summarily dismissing the petition. Because the summary dismissal of the petition was proper, the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the aforementioned authorities and reasoning, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE